NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW RITTER, | No. 10-16029 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00111-PMP-PAL |
| v. | |
| MATT ALEXANDER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted November 21, 2011[**]

Before:     TASHIMA, BERZON, and TALLMAN, Circuit Judges.

    Former Nevada state prisoner Matthew Ritter appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging claims related to

his pre-trial detention.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment as to Ritter's deliberate indifference claims because he failed to raise a genuine dispute of material fact as to whether defendants consciously disregarded his serious medical needs, intentionally delayed his access to treatment, or knowingly failed to protect him from a serious risk of harm to his health or safety. *See id.* at 1057-58 (listing standard for deliberate indifference to serious medical needs; negligence and a mere difference in medical opinion are insufficient); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (standard for deliberate indifference to serious risk of harm to health or safety); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (isolated neglect does not constitute deliberate indifference).

The district court properly granted summary judgment as to Ritter's retaliation claim because he failed to raise a triable dispute as to whether his brief placements in isolation for medical observation and other security reasons were based on his exercise of a constitutionally protected right. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (listing elements of retaliation claim); *Pierce v. County of Orange*, 526 F.3d 1190, 1206 (9th Cir. 2008) (restriction on detainee must be evaluated in light of officials' objective to safeguard institution).

The district court properly granted summary judgment as to Ritter's denial of visitation claim because he had no protected right to visits from friends or

family, and failed to raise a triable dispute as to whether the denial of visits with his counsel prejudiced his trial preparation or ability to access the court. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989) (Due Process Clause does not guarantee unfettered visitation); *see also Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (access to courts, encompassing contact with attorney, requires a showing of actual injury, such as prejudice to planned or existing litigation).

The district court did not abuse its discretion in denying Ritter's requests for oral arguments on fully briefed motions, for an extension to conduct unspecified discovery, and to continue summary judgment. *See* D. Nev. R. 78-2 (motions may be decided with or without hearing); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (party moving to continue summary judgment must explain what further discovery is sought and how it would preclude summary judgment).

Ritter's remaining contentions are unpersuasive.

**AFFIRMED**.